UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|                               |   |                           |
|-------------------------------|---|---------------------------|
| DARYL KNECHT,                 | : | CASE NO. 1:17-cv-2374     |
| Plaintiff,                    | : |                           |
| vs.                           | : | OPINION & ORDER           |
|                               | : | [Resolving Doc. 7]        |
| THOR MOTOR COACH, INC.,       | : |                           |
| Defendant.                    | : |                           |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Daryl Knecht sues Defendant Thor Motor Coach, Inc. ("Thor") for alleged defects in a motor home that Plaintiff purchased and that Defendant manufactured. With a motion, Defendant Thor argues that a forum selection clause in its limited warranty requires Plaintiff to litigate his claims in Indiana.

Accordingly, Defendant Thor moves to transfer this case to the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. § 1404(a).[1] For the following reasons, the Court **GRANTS** Defendant's motion to transfer venue.

## I. BACKGROUND

Around January 2017, Plaintiff purchased a motor home from a dealer.[2] Plaintiff alleges that Defendant Thor manufactured and distributed the motor home.[3]

As part of his motor home purchase, Plaintiff signed a "Registration and Acknowledgment of Receipt of Warranty and Product Information" ("Warranty Registration").[4] In the Warranty Registration, Plaintiff "received, read and agreed to the terms and conditions of Thor Motor

---

[1] Doc. 7. Plaintiff opposes. Doc. 13. Defendant replied. Doc. 14.
[2] Doc. 1-1 at ¶ 11.
[3] *Id.* at ¶ 10.
[4] Doc. 7-2.

Coach's 1 page Limited Warranty, published within its Owner's Manual, and the Chassis Limited Warranty."[5]

The Owner's Manual, in turn, contains a forum selection clause that states: "EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA."[6]

Plaintiff alleges that his motor home contains several malfunctions, defects, and problems.[7] He brings claims under the Ohio Lemon Law, the Magnuson–Moss Act, and the Ohio Consumer Sales Practices Act ("CSPA").[8] He also brings a claim for tortious breach of warranty.[9] For each of these claims, Plaintiff alleges that Defendant Thor breached express and/or implied warranties.[10]

Relying on the forum selection clause, Defendant Thor now moves to transfer venue to the Northern District of Indiana, South Bend Division pursuant to 28 U.S.C. § 1404(a).[11]

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In a typical § 1404(a) motion that does not involve a forum selection clause, the Court evaluates both the convenience of the parties and various public-interest considerations.[12]

---

[5] *Id.*
[6] Doc. 7-3 at 2, 7 (capitalization in original).
[7] Doc. 1-1 at ¶¶ 2, 15.
[8] Doc. 1-1.
[9] *Id.*
[10] *Id.* at ¶¶ 4, 7, 22, 28, 33, 37.
[11] Doc. 7.
[12] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause."[13] When a valid forum selection clause applies, it "[should be] given controlling weight in all but the most exceptional cases."[14] When dealing with a valid forum selection clause, the Supreme Court has held that district courts must adjust their usual § 1404(a) analysis in three ways.[15]

First, "the plaintiff's choice of forum merits no weight."[16] "As the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."[17] Second, district courts should not consider arguments about the parties' private interests, such as convenience of the parties and the witnesses.[18] District courts can only consider public-interest factors.[19] Third, § 1404(a) transfer of venue will not "carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."[20]

### III. ANALYSIS

The Court gives controlling weight to the forum selection clause, and thus transfers this case to the Northern District of Indiana.

First, the forum selection clause is valid. The forum selection clause was incorporated by reference into Plaintiff's Warranty Registration, which was part of his motor home purchase agreement.

---

[13] *Id.*
[14] *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).
[15] *Id.* at 581-83.
[16] *Id.* at 581.
[17] *Id.*
[18] *Id.* at 582.
[19] *Id.* Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981) (quotations omitted).
[20] *Atl. Marine Const. Co.*, 134 S. Ct. at 582.

Case No. 1:17-cv-2374
Gwin, J.

"[I]ncorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship."[21]

Here, the Warranty Registration made clear reference to the Owner's Manual. Moreover, incorporation will not result in surprise or hardship. Plaintiff specifically signed the Warranty Registration acknowledging he had read and reviewed the terms and conditions of the limited warranty.

Other courts have similarly found terms and conditions contained in warranty documents valid, where Plaintiff signed the warranty registration connected with a purchase agreement.[22] Plaintiff himself does not dispute the validity of the terms and conditions contained in Defendant Thor's limited warranty.[23]

Second, the forum selection clause applies to all of Plaintiff's claims.

"The scope of a forum selection clause is a matter of contractual interpretation, and whether a claim is 'to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case.'"[24]

---

[21] *Int'l Ass'n of Machinists & Aerospace Workers v. ISP Chemicals, Inc.*, 261 F. App'x 841, 848 (6th Cir. 2008) (citation omitted).

[22] *See HRL Land or Sea Yachts v. Travel Supreme, Inc.*, No. 1:07-CV-945, 2009 WL 125845, at *6 (W.D. Mich. Jan. 16, 2009) (finding parties had agreement to arbitrate where plaintiff signed warranty registration that validated a warranty, which in turn contained arbitration clause); *Chaudoin v. Thor Motor Coach, Inc.*, No. 15-13871, 2017 WL 3485803, at *10-12 (E.D. Mich. Aug. 15, 2017) (finding limited warranty was valid where plaintiff signed "Registration and Acknowledgment" of limited warranty); *Messmer v. Thor Motor Coach, Inc.*, No. 3:16-CV-1510-J-JBT, 2017 WL 933138, at *3 (M.D. Fla. Feb. 28, 2017) (finding forum selection clause contained in limited warranty found in Owner's Manual was contractually valid, where Plaintiff signed "Registration and Acknowledgment" of limited warranty, which referenced Owner's Manual).

[23] *See* Doc. 1-1 at ¶¶ 11, 13 ("Also as part of the deal, Thor Motor Coach agreed to warrant the vehicle to be free from malfunctions and defects. . . . Plaintiff purchased the vehicle in reliance on the existence of a written warranty from Thor Motor Coach."); Doc. 13 at 1-2.

[24] *C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, No. 5:09-CV-01986, 2010 WL 1434326, at *5 (N.D. Ohio Apr. 8, 2010); *see also Traton News, LLC v. Traton Corp.*, 528 F. App'x 525, 529-30 (6th Cir. 2013) (finding that Lanham Act claims concerning use of another website did not fall under the forum selection clause where the clause specifically concerned claims about one specific website).

Case No. 1:17-cv-2374
Gwin, J.

Here, the forum selection clause specifically concerns "LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE."[25] Plaintiff's fourth claim for tortious breach of warranty explicitly concerns Defendant's breach of warranty. And Plaintiff's claims under the Ohio Lemon Law,[26] the Magnuson–Moss Act,[27] and the CSPA[28] all hinge on Defendant's alleged breach of warranty. Therefore, all of Plaintiff's claims fall within the forum selection clause's scope.

Because the forum selection clause is valid and applicable to all of Plaintiff's claims, the Court finds that it has controlling weight.

Plaintiff fails to meet his burden of showing that enforcement of the forum selection clause is unwarranted. In arguing against enforcement, Plaintiff primarily relies on private-interest factors, particularly the convenience of parties and witnesses.[29] Because the Court cannot consider such factors in this § 1404(a) analysis, Plaintiff's argument loses.

### IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to transfer venue.

IT IS SO ORDERED

Dated: December 22, 2017　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[25] Doc. 7-3 at 2, 7 (capitalization in original).

[26] Plaintiff can sue a manufacturer under the Ohio Lemon Law, if the manufacturer fails to make repairs on a new motor vehicle to conform the vehicle "to any applicable express warranty," within one year of delivery or during the first 18,000 miles, whichever comes first. *See* Ohio Rev. Code Ann. § 1345.72(A); *Iams v. DaimlerChrysler Corp.*, 883 N.E.2d 466, 470 (Ohio 2007).

[27] *See Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005) (citing *Labonte v. Ford Motor Co.*, No. 74855, 1999 WL 809808, at *7 (Ohio Ct. App. Oct. 7, 1999)) ("Ultimately, the applicability of the Magnuson–Moss Act is directly dependent [sic] upon a sustainable claim for breach of warranty.").

[28] *See Boyle v. Daimler Chrysler Corp.*, No.2001–CA–81, 2002 WL 1881157, at *7 (Ohio Ct. App. Aug. 16, 2002) (finding CSPA violation occurred through Defendant's breach of warranty).

[29] Doc. 13 at 2.